UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEROME W. WAGNER,

    Plaintiff,

v.                                      Case No: 2:18-cv-177-FtM-38MRM

JEB BUSH, JANET RENO,
EVERETT RICE, LINDA K.
HILLIARD and BERNIE MCCABE,

    Defendants.
_____/

### ORDER OF DISMISSAL[1]

This matter comes before the Court upon initial review of the file. Plaintiff, who is civilly confined to the Florida Civil Commitment Center (FCCC) under the Jimmy Ryce Civil Commitment Act,[2] filed a complaint under 42 U.S.C. § 1983 (Doc. 1) on March 16, 2018. Plaintiff seeks to proceed *in forma pauperis* (Doc. 2). Consequently, the Court is required to review the complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e) (2) (B) (i)-(iii); *see also Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (holding that, under 28 U.S.C.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] According to the Florida Department of Law Enforcement Offender Registration website, Plaintiff was civilly detained or committed to the FCCC on April 16, 2009. http://offender.fdle.state.fl.us/offender/sops/home/jsf.

§ 1915(e) (2) (B) (ii), the complaint of a nonprisoner proceeding *in forma pauperis* may be dismissed prior to service for failure to state a claim).

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.* 428 F.3d 1008, 1014 (11th Cir. 2005). However, if an amendment would be futile, the district court may deny leave to amend. *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). Additionally, the Court must read the plaintiff's *pro se* allegations liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Upon review, the Court concludes that the Complaint fails to state a claim upon which relief can be granted and an amendment would be futile. Thus, the Court finds dismissal of this case is required before service of the Complaint. 28 U.S.C. § 1915(e) (2) (B) (ii).

According to the Complaint, Plaintiff was "arrested" in November 1997, and eventually "charged with 2nd degree felony of sexual battery and denied a trial by jury and a bench trial, [and] was only offered a plea bargain." Doc. 1 at 5. Plaintiff denies that he had done anything wrong and contends that "the state never had any evidence or witnesses to prove the crime, [and] the victim couldn't identify [him] as the attacker by a photograph from a police mug shot." *Id*. Plaintiff further alleges that during questioning he was "confused" and "couldn't think straight" and was not aware that his interrogation was being video-taped. *Id*. at 5. Plaintiff generally complains about the conditions of his confinement while in pre-trial detention, but acknowledges that he accepted a plea. *Id.* at 6. Plaintiff states he filed a state habeas "to take my case back to court" in order "to withdraw my plea of guilty to not guilty" but an individual named Janet Dotterweich "copied" his habeas and attributed it to her son who was released instead of Plaintiff. *Id.*

at 7.  Plaintiff names these defendants:  Linda K. Hillard, a detective with the Pinellas County Homicide Division; Bernie McCabe, a state attorney from Pinellas County; Jeb Bush, (former) Governor of Florida; Janet Reno, (former) Attorney General; and Everette Rice, Pinellas County Sheriff, because they were "in office when all this happened."  *Id.* at 8.  As relief, Plaintiff seeks release from civil confinement and "900 zillion, 100 mill."  *Id.* at 9.

At the outset, the relief Plaintiff seeks—release from civil commitment—is not available in a § 1983 action.  The exclusive remedy for Plaintiff to challenge his civil detention is through a timely habeas corpus action.  *Preiser v. Rodriquez*, 411 U.S. 475, 487 (1973) (noting differences between § 1983 actions and habeas corpus actions).  Consequently, if Plaintiff wishes to challenge the fact or duration of his current civil confinement, Plaintiff must file a habeas action.

To the extent that Plaintiff is attempting to articulate a claim about the general conditions of his pretrial detention in 1997, such claims are barred by the statute of limitations.  Florida's four-year statute of limitations for personal injuries applies to claims for deprivations of rights under § 1983.  *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED** under § 1915(e) (2) (B) (ii) for the reasons set forth above.

2. The Clerk of Court shall send Plaintiff a petition for writ of habeas corpus under 28 U.S.C. § 2254, terminate any pending motions, enter judgment and close this case

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of May, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record